1  THOMAS P. O'BRIEN
   United States Attorney
2  CHRISTINE C. EWELL
   Assistant United States Attorney
3  Chief, Criminal Division
   JOHN J. LULEJIAN (Cal. State Bar No. 186783)
4  Assistant United States Attorney
   SHAWN J. NELSON (Cal. State Bar No. 185149)
5  Special Assistant United States Attorney
   Violent and Organized Crime Section
6       1500 United States Courthouse
        312 North Spring Street
7       Los Angeles, California 90012
        Telephone: (213) 894-8603/5339
8       Facsimile: (213) 894-3713
        E-mail:   John.Lulejian@usdoj.gov
9                 Shawn.Nelson@usdoj.gov

10 Attorneys for Plaintiff
   UNITED STATES OF AMERICA

11

12              UNITED STATES DISTRICT COURT

13         FOR THE CENTRAL DISTRICT OF CALIFORNIA

14 UNITED STATES OF AMERICA,      ) CR No. 07-1142-VBF
                                  )
15              Plaintiff,        ) PLEA AGREEMENT FOR DEFENDANT
                                  ) MICHAEL LYNN TWYMAN
16         v.                     )
                                  )
17 CHARLES LEROY TWYMAN,          )
        et al.,                   )
18                                )
                                  )
19              Defendants.       )
   _____)

20

21      1.  This constitutes the binding plea agreement between

22 MICHAEL LYNN TWYMAN ("defendant") and the United States

23 Attorney's Office for the Central District of California ("the

24 USAO") in the above-captioned case.  This agreement is limited to

25 the USAO and cannot bind any other federal, state or local

26 prosecuting, administrative or regulatory authority.

27

28

DAS MW

PLEA

2.   Defendant agrees to plead guilty to counts ten and eleven of the indictment in <u>United States v. Charles Leroy Twyman, et al.</u>, CR No. 07-1142-VBF.

NATURE OF THE OFFENSE

3.   In order for defendant to be guilty of counts ten and eleven, each of which charges a violation of Title 21, United States Code, Section 843(b), the following must be true:

(1) defendant knowingly and intentionally used a "communication facility" (for example, a telephone or pager); and

(2) defendant did so to commit, cause or facilitate the commission of a felony drug offense (in this case, Conspiracy to Possess with Intent to Distribute and Distribute Cocaine Base, in the form of Crack Cocaine, in violation of Title 21, United States Code, Sections 846 and 841(a)(1)).

Defendant admits that defendant is, in fact, guilty of these offenses as described in counts ten and eleven of the indictment.

PENALTIES

4.   The statutory maximum sentence that the Court can impose for each violation of Title 21, United States Code, Section 843(b), is: four years imprisonment; a three-year period of supervised release; a fine of up to $250,000; and a mandatory special assessment of $100.  Therefore, the total maximum sentence defendant faces is eight years imprisonment, a three-year period of supervised release, a fine of $500,000, and a mandatory special assessment of $200.

2

5.   Under Title 21 United States Code, Section 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act and will not be eligible for federal food stamp program benefits; furthermore, any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

6.   Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7.   Defendant further understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

8.   Defendant further understands that the convictions in this case may subject defendant to various collateral consequences, including but not limited to deportation, revocation of probation, parole, or supervised release in another case, and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

FACTUAL BASIS

9.   Defendant and the USAO agree and stipulate to the statement of facts provided below.  This statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guideline factors set forth in paragraph 11 below.  It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On March 10, 2006, in Los Angeles County, within the Central District of California, defendant knowingly and intentionally used a telephone to communicate with Charles Leroy Twyman. During this telephone communication, defendant and Charles Leroy Twyman discussed, in coded language, defendant picking up cocaine base, in the form of crack cocaine ("crack cocaine"), that had been manufactured by Gerald Plaze Thomas ("Thomas").  Later that same day, Thomas delivered approximately 148 grams of crack cocaine to defendant.

On March 21, 2006, in Los Angeles County, within the Central District of California, defendant knowingly and intentionally used a telephone to communicate with Charles Leroy Twyman. During this telephone communication, defendant and Charles Leroy Twyman discussed, in coded language, defendant delivering the crack cocaine that Thomas had previously delivered to defendant ~~to Anthony Twyman.~~ M.T

A telephone is a communication facility.  At all relevant times, defendant understood that he, Charles Leroy Twyman, Gerald Plaze Thomas, and ~~Anthony Twyman~~ were conspiring to manufacture,

M.T

4

1  possess with intent to distribute, and distribute crack cocaine

2  and the telephone calls related to that conspiracy.

3                    WAIVER OF CONSTITUTIONAL RIGHTS

4       10.  By pleading guilty, defendant gives up the following

5  rights:

6            a)  The right to persist in a plea of not guilty.

7            b)  The right to a speedy and public trial by jury.

8            c)  The right to the assistance of legal counsel at

9  trial, including the right to have the Court appoint counsel for

10  defendant for the purpose of representation at trial.  (In this

11  regard, defendant understands that, despite his plea of guilty,

12  he retains the right to be represented by counsel -- and, if

13  necessary, to have the court appoint counsel if defendant cannot

14  afford counsel -- at every other stage of the proceeding.)

15           d)  The right to be presumed innocent and to have the

16  burden of proof placed on the government to prove defendant

17  guilty beyond a reasonable doubt.

18           e)  The right to confront and cross-examine witnesses

19  against defendant.

20           f)  The right, if defendant wished, to testify on

21  defendant's own behalf and present evidence in opposition to the

22  charges, including the right to call witnesses and to subpoena

23  those witnesses to testify.

24           g)  The right not to be compelled to testify, and, if

25  defendant chose not to testify or present evidence, to have that

26  choice not be used against defendant.

27       By pleading guilty, defendant also gives up any and all

28  rights to pursue any affirmative defenses, Fourth Amendment or

                                 5

1  Fifth Amendment claims, and other pretrial motions that have been

2  filed or could be filed.

3                          SENTENCING FACTORS

4      11.  Defendant understands that the Court is required to

5  consider the factors set forth in Title 18, United States Code,

6  Section 3553(a)(1)-(7), including the kinds of sentence and

7  sentencing range established under the United States Sentencing

8  Guidelines ("U.S.S.G." or "Sentencing Guidelines"), in

9  determining defendant's sentence.  Defendant and the USAO agree

10  and stipulate to the following applicable sentencing guideline

11  factors:

12      Base Offense Level  :    30    [U.S.S.G. §§ 2D1.6(a),
                                        2D1.1(c)(5)][1]
13

14      Acceptance of
        Responsibility      :    -3    [U.S.S.G. §3E1.1(a)]

15  _____

16      Total Offense Level :   27

17  The USAO will agree to a downward adjustment for acceptance of

    responsibility (and, if applicable, move for an additional level
18
    under Section 3E1.1(b)) only if the conditions set forth in
19
    paragraph 16 are met.  Defendant also understands that
20
    defendant's base offense level could be increased if defendant is
21
    a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  In the
22
    event that defendant's offense level is so altered, the parties
23
    are not bound by the base offense level stipulated to above.
24

25  _____

26      [1]    Defendant and the USAO agree and stipulate that the
    amount of drugs used to determine the base offense level is 148
27  grams of cocaine base, in the form of crack cocaine.  Pursuant to
    the Drug  Quantity Table set forth in U.S.S.G. § 2D1.1(c)(5), the
    base offense level for this amount of cocaine base, in the form
28  of crack, is 30.

12.   There is no agreement as to defendant's criminal history or criminal history category.

13.   Defendant and the USAO agree that an appropriate disposition of this case is that the court impose a sentence of 96 months imprisonment; 3 years supervised release (with conditions to be fixed by the Court); no fine; $200 special assessment; and no restitution.   The parties also agree that no prior imprisonment (other than credits that the Bureau of Prisons may allow under 18 U.S.C. § 3585(b)) may be credited against this stipulated sentence, including credit under Sentencing Guideline 5G1.3.

14.   The Court will determine the facts and calculations relevant to sentencing and decide whether to agree to be bound by this agreement.   Both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, and (b) correct any and all factual misstatements relating to the calculation of the sentence.

15.   Defendant understands and agrees that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).   So long as defendant does not breach the agreement, defendant may withdraw from this agreement and render it null and void if the Court refuses to be bound by this agreement.   The USAO may, in its discretion, withdraw from this agreement and render it null and void if the defendant breaches this agreement or the Court refuses to be bound by this agreement.

<u>DEFENDANT'S OBLIGATIONS</u>

16.   Defendant agrees that he will:

a) Plead guilty as set forth in this agreement.

b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

c) Not knowingly and willfully fail to: (i) appear for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

e) Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

f) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

<u>THE USAO'S OBLIGATIONS</u>

17.   If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

a) To abide by all sentencing stipulations contained in this agreement.

b) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, to recommend a two-level reduction in the applicable sentencing guideline offense level,

8

1  pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary,

2  move for an additional one-level reduction if available under

3  that section.

4          c) At the time of sentencing to move to dismiss the

5  remaining counts of the indictment as against defendant.

6          d) To not file a sentencing enhancement pursuant to

7  Title 21, United States Code, Section 851.

8                          BREACH OF AGREEMENT

9      18.  If defendant, at any time after the execution of this

10  agreement, knowingly violates or fails to perform any of

11  defendant's agreements or obligations under this agreement ("a

12  breach"), the USAO may declare this agreement breached.  If the

13  USAO declares this agreement breached at any time following its

14  execution, and the Court finds such a breach to have occurred,

15  then: (a) if defendant has previously entered a guilty plea,

16  defendant will not be able to withdraw the guilty plea, and (b)

17  the USAO will be relieved of all of its obligations under this

18  agreement.

19      19.  Following the Court's finding of a knowing and willful

20  breach of this agreement by defendant, should the USAO elect to

21  pursue any charge that was either dismissed or not filed as a

22  result of this agreement, then:

23          a) Defendant agrees that any applicable statute of

24  limitations is tolled between the date of defendant's signing of

25  this agreement and the commencement of any such prosecution.

26          b) Defendant gives up all defenses based on the statute

27  of limitations, any claim of pre-indictment delay, or any speedy

28  trial claim with respect to any such prosecution, except to the

1  extent that such defenses existed as of the date of defendant's
2  signing of this agreement.

3         c) Defendant agrees that: (i) any statements made by
4  defendant, under oath, at the guilty plea hearing (if such a
5  hearing occurred prior to the breach); (ii) the stipulated
6  factual basis statement in this agreement; and (iii) any evidence
7  derived from such statements, are admissible against defendant in
8  any such prosecution of defendant, and defendant shall assert no
9  claim under the United States Constitution, any statute, Rule 410
10 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules
11 of Criminal Procedure, or any other federal rule, that the
12 statements or any evidence derived from any statements should be
13 suppressed or are inadmissible.

14               <u>WAIVER OF APPEAL AND COLLATERAL ATTACK</u>

15       20.  Defendant gives up the right to appeal any sentence
16 imposed by the Court, and the manner in which the sentence is
17 determined, provided that (a) the sentence is within the
18 statutory maximum specified above and is constitutional, and
19 (b) the Court imposes the sentence agreed to by the parties in
20 paragraph 13.  Defendant also gives up any right to bring a
21 post-conviction collateral attack on the conviction or sentence,
22 except a post-conviction collateral attack based on a claim of
23 ineffective assistance of counsel, a claim of newly discovered
24 evidence, or an explicitly retroactive change in the applicable
25 Sentencing Guidelines, sentencing statutes, or statutes of
26 conviction.  Notwithstanding the foregoing, defendant retains the
27 ability to appeal the conditions of supervised release imposed by
28 the Court, with the exception of the following: conditions set

1 forth in General Orders 318 and 01-05 of this Court; the drug
2 testing conditions mandated by Title 18, United States Code,
3 Sections 3563(a)(5) and 3583(d); and the alcohol and drug use
4 conditions authorized by Title 18, United States Code, Section
5 3563(b)(7).

6    21. The USAO gives up its right to appeal the sentence,
7 provided that (a) the sentence is within the statutory maximum
8 specified above and is constitutional, and (b) the Court imposes
9 the sentence agreed to by the parties in paragraph 13.

10 <u>RESULT OF VACATUR, REVERSAL OR SET-ASIDE</u>

11    22. Defendant agrees that if any count of conviction is
12 vacated, reversed, or set aside, the USAO may: (a) ask the Court
13 to resentence defendant on any remaining count of conviction,
14 with both the USAO and defendant being released from any
15 stipulations regarding sentencing contained in this agreement,
16 (b) ask the Court to void the entire plea agreement and vacate
17 defendant's guilty plea on any remaining count of conviction,
18 with both the USAO and defendant being released from all of their
19 obligations under this agreement, or (c) leave defendant's
20 remaining conviction, sentence, and plea agreement intact.
21 Defendant agrees that the choice among these three options rests
22 in the exclusive discretion of the USAO.

23 <u>COURT NOT A PARTY</u>

24    23. The Court is not a party to this agreement and need not
25 accept any of the USAO's sentencing recommendations or the
26 parties' stipulations.

27

28

1                          <u>NO ADDITIONAL AGREEMENTS</u>

2        24.   Except as set forth herein, there are no promises,

3   understandings or agreements between the USAO and defendant or

4   defendant's counsel.   Nor may any additional agreement,

5   understanding or condition be entered into unless in a writing

6   signed by all parties or on the record in court.

7        <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

8        25.   The parties agree and stipulate that this Agreement

9   will be considered part of the record of defendant's guilty plea

10   hearing as if the entire Agreement had been read into the record

11   of the proceeding.

12        This agreement is effective upon signature by defendant and

13   an Assistant United States Attorney.

14   AGREED AND ACCEPTED

15   UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF CALIFORNIA
16
     THOMAS P. O'BRIEN
17   United States Attorney

18   _____        7/30/09
                                             _____
19   JOHN J. LULEJIAN                        Date
     Assistant United States Attorney
20   SHAWN J. NELSON
     Special Assistant United States Attorney
21

22        I have read this agreement and carefully discussed every

23   part of it with my attorney.   I understand the terms of this

24   agreement, and I voluntarily agree to those terms.   My attorney

25   has advised me of my rights, of possible defenses, of the

26   sentencing factors set forth in Title 18, United States Code,

27   Section 3553(a), of the relevant Sentencing Guidelines

28   provisions, and of the consequences of entering into this

                                   12

1  agreement.   No promises or inducements have been given to me
2  other than those contained in this agreement.   No one has
3  threatened or forced me in any way to enter into this agreement.
4  Finally, I am satisfied with the representation of my attorney in
5  this matter.

6
7  _Michael Twyman_ _____      ___7/21/09._____
   MICHAEL LYNN TWYMAN                       Date
8  Defendant

9       I am Michael Lynn Tywman's attorney.   I have carefully
10 discussed every part of this agreement with my client.   Further,
11 I have fully advised my client of his rights, of possible
12 defenses, of the sentencing factors set forth in Title 18, United
13 States Code, Section 3553(a), of the relevant Sentencing
14 Guidelines provisions, and of the consequences of entering into
15 this agreement.   To my knowledge, my client's decision to enter
16 into this agreement is an informed and voluntary one.

17
18 _____      ___7-21-09_____
   STEPHEN G. FRYE                      Date
19 Counsel for Defendant
   MICHAEL LYNN TWYMAN
20
21
22
23
24
25
26
27
28