LAW OFFICE OF STEPHEN G. FRYE
Stephen G. Frye (CSBN 196728)
316 West Second St., Suite 1202
Los Angeles, California 90012
Telephone: (213) 621-1600
Facsimile: (213) 621-1644
Email:  sgf@sgfryelaw.com

Attorney for MICHAEL LYNN TWYMAN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| United States of America, | ) CR 07-1142-VBF |
|---|---|
| Plaintiff. | ) **SENTENCING POSITION MEMORANDUM** |
| vs. | ) **OF DEFENDANT MICHAEL LYNN TWYMAN** |
| **MICHAEL LYNN TWYMAN** | ) Date:  November 9, 2009 |
| Defendant. | ) Time:  11:00 a.m. |
|  | ) Place: Courtroom 9 |
|  | )        U.S. District Court |
|  | )        312 North Spring Street |
|  | )        Los Angeles, CA 90012 |

**MEMORANDUM**

    Defendant MICHAEL LYNN TWYMAN ("Mr. Twyman") agrees that, given the plea agreement, the Presentence Report ("PSR") correctly calculates the base offense level, the specific offense characteristics, and the adjustment for acceptance of responsibility.  The PSR correctly identifies the low end of the applicable guideline range to be 96 months, the sentence stipulated by the parties in the plea agreement and the sentence recommended by the Probation Office.  The sentencing factors set forth in 18 U.S.C. § 3553(a) likewise militate in favor of a

sentence of 96 months. Accordingly, Mr. Twyman urges the Court to impose the ninety-six month sentence agreed upon by the parties and recommended by the Probation Office.

## I.

## **FACTS**

    Mr. Twyman generally agrees with the facts as set forth in the PSR. Mr. Twyman was born in Indianapolis, Indiana, to the union of Dalton Twyman and Irene Carpenter ("Mrs. Carpenter"). (PSR ¶ 68). He lived Indianapolis until he was approximately six years old, when his parents separated and his mother moved to Los Angeles. (PSR ¶ 71). Mr. Twyman's biological father was an alcoholic who physically abused Mrs. Carpenter, at least two episodes of which were witnessed by young Michael. (PSR ¶ 68). After she moved to Los Angeles, Mrs. Carpenter met and married Donald Carpenter, and together they raised Mr. Twyman and his brothers. (PSR ¶ 69). Indeed, Mr. Twyman considers Mr. Carpenter to be his father. (Id.).

    Mr. and Mrs. Carpenter worked in blue-collar occupations to support their family. (PSR ¶¶ 69, 71). Though not materially wealthy, the Carpenters provided a loving home for Mr. Twyman and his siblings. Mr. Twyman describes his relationship with his mother as "beautiful." (PSR ¶ 71). For her part, Mrs. Carpenter describes Mr. Twyman as a loving, dutiful son whose support for his family has been complete and consistent throughout his life. (See Letter from Irene Carpenter, attached hereto as Exhibit A).

    Unfortunately, Mr. Carpenter died of a heart attack in 1998. (PSR ¶ 69). Mrs. Carpenter suffers from heart trouble, high

blood pressure, asthma and diabetes. (PSR ¶ 68). She may not survive her son's incarceration.

Mr. Twyman married LeJune Twyman (Mrs. Twyman) in 1994, and despite Mr. Twyman's periodic incarceration, the couple remains married. Mrs. Twyman remains steadfastly loyal to and supportive of her husband. (See Letter from LeJune Twyman, attached hereto as Exhibit B). The couple has three biological children (Dwayne, Saleena, and Ruby), each of whom is gainfully employed in respectable occupations. (PSR ¶ 73). Mr. and Mrs. Twyman have two adopted teenage children (Jonathan and Shavona). (Id.). Mr. Twyman is close to his wife and children, who visit him regularly. (Id.). He has been a loving and supportive father of these children, each of whom love, respect, and miss their father very much. (See Letters from Dwayne Twyman, Saleena Twyman, Ruby Twyman, and Linda Bias attached collectively hereto as Exhibit C).

Mr. Twyman also has several children from other relationships. (PSR ¶¶ 75-80). He has three adult children with Barbara Bailey, whom Mr. Twyman dated as a teenager. (See Letter from Barbara Bailey, attached hereto as Exhibit D). Mr. Twyman has always been involved in the lives of the children he fathered with Ms. Bailey and he remains close to Ms. Bailey and the children. (See Id.; PSR ¶ 76).

Mr. Twyman has other children from other relationships, and he remains supportive of each of these children as well. (PSR ¶¶ 77-81). He also has eight grandchildren. (PSR ¶ 82).

Mr. Twyman completed the 11th grade and plans to pursue his GED while incarcerated on these charges. (PSR ¶ 96). While

awaiting resolution of the pending charges, Mr. Twyman has made the most of his time at MDC, completing a basic writing and grammar class, a basic art class, an anti-violence class, and several Bible study courses. (See Certificates of Completion, attached collectively hereto as Exhibit E).

During the three years prior to his arrest, Mr. Twyman operated a car wash and detailing service. (PSR ¶ 99; see also business card and flyer, attached hereto as Exhibit F). He also worked at his mother's appliance store and for the Los Angeles City Parks and Recreation Department. (PSR ¶¶ 100-101).

Unfortunately, Mr. Twyman got involved with drugs as a child, smoking marijuana habitually by age 14, eventually becoming an addict. (PSR ¶ 90). He has also used cocaine and ecstasy. (PSR ¶¶ 92-93). He had some success with prior substance abuse treatment, but unfortunately relapsed after completion of the program. (PSR ¶ 94). Mr. Twyman has paid a very high price for his addiction, which remains a primary source of his legal problems. Mr. Twyman needs treatment, and specifically requests that the Court recommend him for drug treatment while incarcerated.

Mr. Twyman is extremely remorseful for what he has done. He knows that he has hurt himself and his family. He is making a total effort to benefit from his current incarceration. The Court should follow the plea agreement and the recommendation of the Probation Office and sentence Mr. Twyman to ninety-six months.

## II.

## ARGUMENT

**A. Application of the Sentencing Factors of 18 U.S.C. § 3553(a) Mandate a Sentence of Ninety-Six Months.**

In United States v. Booker, 543 U.S. 220 (2005)), the Supreme Court excised from the sentencing analysis 18 U.S.C. §§ 3553(b)(1) and 3742(e), the statutory provisions rendering application of the Guidelines mandatory when sentencing a defendant. In fashioning this remedy, the Court rendered application of the now advisory Guidelines only one of several factors the district court must consider when imposing sentence. Id. at 767. The proper sentencing analysis, post-Booker is codified at 18 U.S.C. § 3553(a). The Court must "'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing" set forth at 18 U.S.C. § 3553(a). Kimbrough v. United States, 128 S.Ct. 558, 570 (2007) (quoting Booker). The factors relevant to Mr. Twyman's sentence are discussed below.

    1. Nature and Circumstances of the Offense and the History and Characteristics of the Defendant -- § 3553(a)(1) Factors.

        a. Nature and Circumstances of the Offense.

The factual basis of the plea agreement makes clear that Mr. Twyman's participation consisted of assisting his brother, Charles Twyman, deliver cocaine base to co-defendant Gerald Thomas on one occasion. On March 10, 2006, he spoke to Charles Twyman on the phone regarding delivery, and then, on March 21, 2006, briefly discussed with Charles Twyman what happened on

1  March 10.  The government was pursuing Charles Twyman for months
2  on a wiretap, but these occasions are apparently the only times
3  that the government overheard discussions between Charles and
4  Michael Twyman regarding drugs.  Certainly, these are the only
5  conversations charged in the Indictment, and the only
6  conversations that are the focus of the government's prosecution
7  of Mr. Twyman.

8  Mr. Tywman submits that he was a minimal participant in the
9  conspiracy masterminded by Charles Twyman.  But for the plea
10 agreement and the plea to the 21 U.S.C. §843(b) charges, Mr.
11 Twyman would likely have been entitled to a four level reduction
12 for minimal participation, pursuant to U.S.S.G. § 3B1.2(a), in
13 the conspiracy.  If he were to have received a four level
14 reduction for being a minimal participant, his adjusted offense
15 level would be 23 (30 less 4 less 3).  At criminal history
16 category V, Mr. Tywman's recommended guideline range would be 84-
17 105 months.

18 If he received a two level reduction for being a minor
19 participant, Mr. Tywman's adjusted offense level would be 25 (30
20 less 2 less 3).  At criminal history category V, Mr. Tywman's
21 recommended guideline range would be 100-125 months.  Conviction
22 in the conspiracy count, however, would require a mandatory
23 minimum sentence of 120 months.

24 Given these circumstances, Mr. Twyman submits that the 96-
25 month sentence agreed upon by the parties constitutes a
26 reasonable sentence, one that is sufficient but not greater than
27 necessary to accomplish the goals of sentencing.  Mr. Tywman
28 urges the Court approve the plea agreement, and the

recommendation of the Probation Office, and sentence Mr. Twyman to ninety-six months. The nature and circumstances of the offense mandate a sentence of ninety-six months.

        b.   History and Characteristics of the Defendant.

Mr. Twyman is a decent, hard working family man with a loving and supporting family. He is a loving son, husband, father, and grandfather. While Mr. Twyman's criminal history is extensive, that history is accounted for in his criminal history score. Moreover, Mr. Tywman submits that the numerous arrests that resulted in no conviction arose from being targeted for arrest by police in South Los Angeles, an unfortunate reality faced by many African American men in Mr. Twyman's part of town.

Mr. Twyman is an admitted addict. He needs treatment while serving his sentence. He plans to obtain his GED while serving his sentence and has made productive use of his time while awaiting resolution of these charges. With successful completion of drug treatment, with completion of his GED, and with the love and support of his family, Mr. Twyman stands a good chance to become a productive member of society.

Mr. Twyman realizes that he made a foolish decision to assist his brother in delivering drugs to Mr. Thomas. He will pay a substantial penalty for that decision. His participation, however, was not extensive. The history and characteristics of Mr. Twyman mandate a sentence of ninety-six months.

    2.   § 3553(a)(2) Factors

        a.   Just punishment.

Among the factors identified in 18 U.S.C. §3553(a)(2) is the necessity for the sentence imposed to provide just punishment.

1  Mr. Twyman did not lead others in criminal activity.  His
2  participation consisted of assisting his brother deliver cocaine
3  base to co-defendant Gerald Thomas on one occasion.  Society
4  would not be served by keeping Mr. Twyman incarcerated for longer
5  than ninety-six months.  A sentence of ninety-sex months is more
6  than just.

          b.   Adequate deterrence.

8     Mr. Tywman submits that a ninety-six month sentence for
9  assisting his brother deliver cocaine base on one occasion is a
10 severe sentence.  Certainly it is sufficient to deter both Mr.
11 Twyman and others from engaging in such conduct in the future.

          c.   Protect the Public from Defendant

13    Again, a sentence of ninety-six months is sufficient, but
14 not greater than necessary, to protect the public from potential
15 further crimes by Mr. Twyman.  He has learned his lesson and will
16 pose no threat upon release.

      3.   <u>Sentencing Guidelines</u>.

18    Mr. Twyman does not complain about the Guidelines
19 calculations set forth in the PSR,[1] which are consistent with the
20 negotiated plea agreement.  Given the equities in this case, the
21 Court should sentence Mr. Twyman to ninety-six months in prison,
22 a sentence contemplated in both the plea agreement and the PSR
23 and a sentence consistent with the sentencing factors set forth
24 in 18 U.S.C. § 3553(a).

---

[1] Had Mr. Twyman been convicted of conspiracy, then he would have sought a downward adjustment for being a minor or minimal participant, and would therefore have objected to PSR ¶¶ 25-26.

-8-

## III.

## CONCLUSION

The sentencing factors set forth in 18 U.S.C. 3553(a) militate in favor of a sentence of ninety-six months. Mr. Tywman requests that the Court recommend his participation in the BOP 500 hour drug treatment program while incarcerated. Finally, Mr. Twyman asks the Court to recommend that he be designated to a facility in Southern California so that he can be as close as possible to his family while incarcerated.

Dated:   October 27, 2009          Respectfully submitted,

                                   LAW OFFICE OF STEPHEN G. FRYE


                                   By:_____/s/_____
                                        Stephen G. Frye
                                   Attorneys for MICHAEL LYNN TWYMAN

**PROOF OF SERVICE**

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF LOS ANGELES  )

    I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen (18) years and not a party to the within action; my business address is:  633 West Fifth St., Suite 2800, Los Angeles, California 90071

On October 27, 2009, I served **SENTENCING POSITION MEMORANDUM OF DEFENDANT MICHAEL LYNN TWYMAN** by serving same on the U.S. Probation Officer by electronic mail:

USPO Mairi Cervantes
United States Probation Office
312 North Spring Street
Los Angeles, CA 90012

**[x ] (FEDERAL)**    I declare that I am employed in the offices of a member of this Court at whose direction the service was made.

    Executed on October 27, 2009, at Los Angeles, California.

| Stephen G. Frye | /s/ |
|---|---|
| PRINT NAME | SIGNATURE |